IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: ) | CASE NO. BK10-40875-TLS |
| ) | |
| AFY, INC., a/k/a ) | CH. 7 |
| Ainsworth Feed Yards Company, Inc., ) | |
| ) | |
| Debtor. ) | |
| JOSEPH BADAMI, Chapter 7 Trustee, ) | ADV. NO. A10-04054-TLS |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| ROBERT A. SEARS and ) | |
| RIVERSOURCE LIFE INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

This matter is before the court on the "Motion to Reopen and Resume Hearing and Withhold Entry of Order Until Resumed Hearing is Completed" filed by Defendant Robert A. Sears (Fil. # 69), and a response thereto filed by Plaintiff Joseph H. Badami (Fil. #71). Jerrold L. Strasheim represents Robert A. Sears, and James A. Overcash represents Joseph Badami.

This adversary proceeding was scheduled for trial in the federal courtroom in North Platte, Nebraska, at 9:00 A.M. on June 21, 2011. Mr. Sears and his attorney, Jerrold Strasheim, failed to appear at the designated place and time. After waiting approximately 30 minutes, the trial commenced and testimony and documentary evidence were received. Upon conclusion of the evidence and argument, the court found in favor of Plaintiff and against Defendant Robert A. Sears and requested Plaintiff to submit a judgment for the court's consideration.

On the afternoon of June 21, 2011, Mr. Strasheim and Mr. Sears appeared in the courtroom in North Platte, Nebraska, for another trial scheduled to commence at 1:00 P.M. At that time, Mr. Strasheim expressed surprise when informed of his failure to appear at the morning trial and represented that he was under the mistaken impression that all of the scheduled trials were to take place commencing at 1:00 P.M. Subsequently, on June 22, 2011, Mr. Strasheim filed the instant motion on behalf of Mr. Sears.

In his response to the motion, Plaintiff indicated he considered Defendant's motion to be a motion under Federal Rule of Bankruptcy Procedure 9024, which incorporates Rule 60 of the Federal Rules of Civil Procedure. However, those rules address the process for obtaining relief from a "final" judgment or order. The judgment in this case is not yet final. In fact, the judgment has not

yet been entered.  Instead, the instant motion is more akin to a motion for new trial or amendment of judgment under Federal Rule of Bankruptcy Procedure 9023 and Federal Rule of Civil Procedure 59.  The motion was filed in a timely manner under such rules, and the rules allow the court to "open the judgment . . ., take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment."

It is clear that Mr. Sears and his attorney failed to appear simply through the mistake and inadvertence of Mr. Strasheim.  He simply got the time wrong.  On the other hand, based on the pretrial statement, exhibit list, and supplement exhibit list it appears that there is no new documentary evidence to be submitted that is not already within the purview of this court.

Accordingly, in the interest of allowing Mr. Sears to "have his day in court," the court will reopen the record in this case solely for the purpose of allowing Mr. Sears the opportunity to testify and for his attorney to make closing argument.[1]

IT IS, THEREFORE, ORDERED that Defendant Robert A. Sears' motion (Fil. #69) is granted in part and for the sole purpose of receiving testimony from Mr. Sears and hearing closing argument from his attorney.  In all other respects, the motion is denied.  The clerk of the court shall schedule two hours for the continued trial in this matter to take place in Lincoln, Nebraska.

DATED:  July 8, 2011.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
    James A. Overcash/Joseph H. Badami
    *Jerrold L. Strasheim
    United States Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.

---

[1] The court will not allow Mr. Strasheim to call witnesses other than Robert A. Sears.  In particular, Mr. Kyle Gifford of North Platte will not be further inconvenienced by having to appear for additional examination.