IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: ) | |
| ) | |
| AFY, INC., ) | |
| ) | CASE NO. BK10-40875-TLS |
| Debtor(s). ) | A10-4054-TLS |
| JOSEPH H. BADAMI, Chapter 7 Trustee, ) | |
| ) | |
| Plaintiff, ) | CHAPTER 7 |
| ) | |
| vs. ) | |
| ) | |
| ROBERT A. SEARS and RIVERSOURCE ) | |
| LIFE INSURANCE COMPANY, ) | |
| ) | |
| Defendants. ) | |

ORDER

This matter is before the court on Robert A. Sears' motion to dismiss (Fil. No. 78) and a resistance by the trustee (Fil. No. 80). Jerrold Strasheim represents the moving defendant and James Overcash represents the plaintiff-trustee.

The defendant Robert Sears has moved to dismiss this adversary proceeding for "lack of subject matter jurisdiction" in light of the United States Supreme Court's decision in *Stern v. Marshall*, 131 S. Ct. 2594 (2011).[1] In *Stern,* the Supreme Court determined that while the bankruptcy court had statutory authority under 28 U.S.C. § 157(b)(2)(C) to enter final judgment on a counterclaim, it lacked the constitutional authority to do so on a state law counterclaim that is not resolved in the process of ruling on a creditor's proof of claim. *Id.* at *27. In his opinion, Chief Justice Roberts made a point of noting that Congress exceeded its constitutional authority only in "one isolated respect." In particular, no other subsection of 28 U.S.C. § 157(b)(2) was found to be unconstitutional.

This adversary proceeding was filed to identify and force the turnover of certain property alleged to be property of the debtor's bankruptcy estate, which constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(E). Further, the trustee's right to bring a turnover proceeding is created by Title 11. 11 U.S.C. §542. This court is not deprived of subject matter jurisdiction simply because resolution of the lawsuit may require the application of state law. *In re Salander O'Reilly Galleries*, ___ B.R. ___, 2011 WL 2837494, at *10-13 (Bankr. S.D.N.Y. July 18, 2011).

---

[1]The motion contains one sentence and is without further elaboration as to the basis for the motion.

IT IS ORDERED: Robert A. Sears' motion to dismiss (Fil. No. 78) is denied.

DATED: August 18, 2011.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
    *Jerrold L. Strasheim
    James Overcash
    U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.