IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN RE: | CASE NO. BK10-40875-TLS |
| AFY, INC., a/k/a<br>Ainsworth Feed Yards Company, Inc., | CH. 7 |
| Debtor. | |
| JOSEPH BADAMI, Chapter 7 Trustee, | ADV. NO. A10-4054-TLS |
| Plaintiff, | |
| vs. | |
| ROBERT A. SEARS and<br>RIVERSOURCE LIFE INSURANCE COMPANY, | |
| Defendants. | |

## ORDER

Trial was held in North Platte, Nebraska, on June 21, 2011. James Overcash and Joseph Badami appeared for Plaintiff, Joseph H. Badami, Chapter 7 trustee. No counsel or party appeared for Defendant Robert A. Sears ("Defendant Sears"). Defendant RiverSource Life Insurance Company was excused from appearing at the trial in this matter based upon a submitted stipulation (Fil. #61). Trial was scheduled to begin at 9:00 a.m. (Fil. #63). The court waited for Defendant Sears and his counsel until 9:30 a.m. before beginning the trial. Neither Defendant Sears nor his counsel appeared for the initial trial. Defendant Sears moved the court for an additional trial time to present testimony. This motion was granted by the court. The additional trial time was held on September 1, 2011, and James Overcash and Joseph Badami appeared for the Chapter 7 trustee, and Jerrold L. Strasheim appeared for Defendant Sears.

This proceeding involves the question of whether the cash value of the insurance policy on the life of Defendant Sears should be turned over to the estate. Defendant Sears is identified as the named owner of the policy; however, Debtor has paid insurance premiums for the insurance policy. The estate has requested an order directing the payment of the current cash value of the life insurance policy to the estate.

The undisputed and stipulated facts from the Pretrial Statement (Fil. #23) are as follows:

    a.    Defendant RiverSource, or a prior related company, issued an insurance policy on the life of Defendant Sears.

    b.    Debtor has made payments on this insurance policy.

    c.       The insurance policy was listed as an asset of Debtor by Debtor on its schedules.

    d.       Debtor's schedules were signed by Defendant Sears.

    e.       The current cash value of the insurance policy is between $100,000.00 and $120,000.00.

    f.       Defendant RiverSource Life Insurance Company's records show that Defendant Sears is currently the owner of the insurance policy.

Additionally, the following exhibits were admitted into evidence by the court without objection:

| Filing Number | Description |
| --- | --- |
| 23 | Preliminary Pretrial Statement |
| 31 | IDS Life and Disability Income Insurance Application 9-9-96 |
| 34 | Policy Data Sheets |
| 35 | Amendment to Policy 9-27-96 |
| 36 | Policy Receipt 9-27-96 |
| 37 | IDS Life Insurance Company Life and Disability income Insurance Policy Change Application 9-18-00 |
| 38 | RiverSource Letter Dated 9-25-09 |
| 39 | RiverSource Letter Dated 9-28-09 |
| 40 | AFY, Inc. check 9-17-09 |
| 41 | Account check status detail, 8-5-10 |
| 42 | Case History 9-21-09 |
| 43 | AFY, Inc. check 9-22-08 |
| 44 | AFY, Inc. check 9-21-07 |
| 45 | AFY, Inc. check 9-21-06 |
| 46 | Ainsworth Feed Yards, LLC check 9-20-05 |
| 47 | AFY, Inc. check 9-21-04 |
| 48 | Ainsworth Feed Yards Co., Inc. check 9-22-03 |
| 49 | Ainsworth Feed Yards Co., Inc. check 9-20-02 |
| 50 | Ainsworth Feed Yards Co., Inc. check 9-21-01 |
| 51 | Ainsworth Feed Yards Co., Inc. check 9-19-00 |
| 52 | Ainsworth Feed Yards Co., Inc. check 9-20-99 |
| 53 | Ainsworth Feed Yards Co., Inc. check 9-21-98 |
| 54 | Ainsworth Feed Yards Co., Inc. check 2-16-98 |
| 55 | Ainsworth Feed Yards Co., Inc. check 9-18-97 |
| 56 | Flexible Premium Variable Life Insurance Policy |
| 57 | Policy Change Sheet 9-25-2000 |
| 58 | Instructions For Delivery of Policy Changes 9-29-2000 |
| 59 | Page: 1 Document Name: untitled |

| Filing Number | Description |
|---|---|
| 60 | Insurance and Annuity Fax Transactions . . . 3-26-02 |
| 61 | Stipulation |
| 64 | Split Dollar Collateral Agreement with Employee |
| Case No. 10-40875 Filing #4 | AFY, Inc. Bankruptcy Schedules |
| Case No. 10-40275 Schedule C | Schedule C in the bankruptcy case of Robert A. Sears, Case No. 10-40275. Additionally, Judicial Notice was taken that no objections were filed to exemptions claimed in schedules of Robert A. Sears, Case No. 10-40275. |

In addition to the above exhibits, testimony was received from Kyle Gifford. Mr. Gifford had served as the outside certified public accountant to AFY, Inc., Debtor in this proceeding, from approximately 2002-2003 until the filing of the bankruptcy. Mr. Gifford testified that he believes that the trial balance he provided to Debtor was used by Debtor in preparation of Debtor's schedules. Further, Mr. Gifford testified concerning the accounting records of Debtor and that these records list an interest in the insurance policy at issue in the amount of $136,669.00. Additionally, Mr. Gifford testified that it is his understanding that the premium payments made by Debtor were for an insurance policy and the proceeds from the insurance policy were to be used by AFY, Inc. to purchase the ownership interest of Defendant Sears upon the death of Defendant Sears.

Testimony was also received from Defendant Sears. Defendant Sears testified that he was the owner of the policy. Additionally, he provided testimony regarding a Split Dollar Collateral Agreement (Fil. #64) ("Insurance Agreement"). Defendant Sears verified that this document was signed by him and written by an attorney who was providing services to AFY, Inc. at the time of the execution of the document.

Following the continued trial, the court made oral findings and conclusions and ruled in favor of Plaintiff. This Order shall be deemed to supplement such oral ruling.

Based upon the evidence presented at the hearing, the exhibits, and testimony, the court finds the following:

1. Defendant RiverSource, or a prior related company, issued an insurance policy on the life of Defendant Sears ("Insurance Policy").

2. AFY, Inc. made significant payments on this policy. The evidence indicated that the amount of these payments was $136,669.00. The first payment was made in September 1997.

3. The amounts paid by Debtor for premiums on the Insurance Policy are listed as an asset of the estate on the bankruptcy schedules (Case No. 10-40875, Fil. #4) and these schedules were verified as accurate by Defendant Sears.

      4.      The current cash value of the insurance policy is between $100,000.00 and $120,000.00.

      5.      The payments made by Debtor were part of the funding of a life insurance policy to be used by Debtor to purchase the ownership interest of Defendant Sears or in the alternative, Defendant Sears was required to repay Debtor for the amount of the premium payments made by Debtor on the policy.

      6.      The Insurance Agreement provided that AFY, Inc. would be paid by Defendant Sears for the entire amount of all premiums paid by AFY, Inc. Additionally, the Insurance Agreement provided that if the employee (Defendant Sears) did not repay the amounts of the premium payments, the employee would execute any documents required to transfer the Insurance Policy to AFY, Inc.

      7.      AFY, Inc. ceased doing business prior to bankruptcy filing and the trustee has liquidated most if not all of its assets. This is now a Chapter 7 proceeding. Despite the assertions by Defendant Sears, his employment by Debtor ended long ago.

      8.      Defendant Sears has not paid back the premium amounts paid by AFY, Inc.

At the continuation of the trial, counsel for Defendant Sears asserted that by commencing this proceeding, the trustee is in violation of the automatic stay in Defendant Sears' individual Chapter 11 case. Counsel also argued that the Insurance Agreement is an executory contract that has now been rejected by the trustee as a matter of law. Such issues were not raised in Defendant Sears' Answer nor were they preserved for trial in the Joint Preliminary Pretrial Statement. Therefore, to the extent such arguments have any legal merit (and it does not appear that they do), they have been waived.

Accordingly, the bankruptcy estate of AFY, Inc. is contractually and equitably entitled to receive the cash value of the life insurance to reimburse AFY, Inc. for the amounts paid for premiums for the policy. Any excess cash value should be paid to Defendant Sears' bankruptcy estate.

Separate judgment to be entered.

DATE: September 6, 2011.

                                  BY THE COURT:

                                  /s/ Thomas L. Saladino
                                  Chief Judge

Notice given by the Court to:
    *James A. Overcash/Joseph H. Badami
    *Jerrold L. Strasheim
    United States Trustee

Movant(*) is responsible for giving notice to other parties if required by rule or statute.